UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

McKEON PRODUCTS,
INC., a Michigan corporation,

    Plaintiff,

             Case No. 08-13266

vs.             DISTRICT JUDGE JOHN FEIKENS
              MAGISTRATE JUDGE STEVEN D. PEPE

CIRRUS HEALTHCARE PRODUCTS,
LLC, a Delaware limited liability corporation,

    Defendant.
============================/

## ORDER GRANTING PLAINTIFFS' MOTION TO AMEND (DKT. #17)

  On August 28, 2008, Plaintiff moved for leave to amend its complaint to add additional counts for false advertising under the Lanham Act and violation of the Michigan Consumer Protection Act (Dkt. #17). All pre-trial matters were referred pursuant to the authority conferred under 28 U.S.C. § 636(b) (Dkt. #33). A November 19, 2008, hearing was held on Plaintiff's motion at which time all unresolved issued were heard. For the reasons stated on the record and indicated below, Plaintiff's motion is **GRANTED**.

  Fed. R. Civ. P. 15(a)(2) provides that the Court should freely grant leave to amend a complaint "when justice so requires." In deciding whether to grant a motion to amend, courts should consider: 1) undue delay in filing; 2) lack of notice to the opposing party; 3) bad faith by the moving party; 4) repeated failure to cure deficiencies by previous

1

amendments; 5) undue prejudice to the opposing party; and 6) futility of amendment. *Brumbalough v. Camelot Care Centers*, 427 F.3d 996, 1001 (6th Cir. 2005). As discussed below, Plaintiff's motion to amend satisfies these requirements.

Plaintiff did not delay in amending its complaint. The complaint in this action was filed on July 30, 2008, and Defendant was served on August 6, 2008. Plaintiff's formal request to file an amended complaint comes less than one month after filing the complaint.

It also is not apparent that Plaintiff made this request in bad faith. Plaintiff indicates that because it sought a preliminary injunction in connection with its copyright infringement count, it felt compelled to get that claim on file on soon as possible. The fact that Plaintiff took a few additional weeks to investigate and analyze its false advertising/consumer protection counts before asserting them does not demonstrate bad faith.

Moreover, it does not appear that Defendant will suffer undue prejudice by the addition of the counts for false advertising and consumer protection. The parties have yet to engage in any significant discovery. Plaintiff's motion for a preliminary injunction, only sought a preliminary injunction in connection with the copyright infringement claim. That claim arises solely out of Defendant's allegedly unauthorized copying of Plaintiff's text and illustrations on the back of its packaging. The new claims against Defendant arise out of it's allegedly false and misleading statements to the media and others, on web sites and on its packaging about the health benefits of the antimicrobial pesticide it has added to certain of its earplugs.

As discussed at the November 19, 2008, hearing on this matter, it is also not apparent that these new claims will be futile. Under Sixth Circuit case law, the test for "futility" is whether the

court concludes that the pleading as amended could not withstand a motion to dismiss. *Ziegler v. IBP Hog Mkt. Inc.*, 249 F.3d 509, 518 (6th Cir. 2001). When evaluating a Fed. R. Civ. P. 12(b)(6) motion, a court should construe the complaint in the light most favorable to the plaintiff and accept all of the factual allegations as true. *Shand v. Martin*, 2008 WL 2229818, at *2 (E.D. Mich. 2008) citing *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.---, 127 S. Ct. 1955 (2007)). *Twombly* requires that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. *Twombly* 127 S. Ct. at 1968. *Twombly* endorses the standard that a complaint be plausible to the extent that from the facts alleged there is a "'reasonably founded hope' that a plaintiff would be able to make a case." *Id.*

Here Plaintiff has presented a "plausible" claim that a fact finder might conclude the various statements made by Defendant in its BIOEARS packaging and sales literature would mislead a significant number of potential customers to conclude that the association of the antimicrobial agent Microban® with the earplugs helps prevent bacteria in the ear from contributing to swimmers ear. Thus, Plaintiff has alleged sufficient facts such that there is a "reasonably founded hope" Defendant would be found to have made statements that misrepresent the nature, characteristics and/or qualities of its earplugs in violation of 15 U.S.C. § 1125(a)(1). If this is the case, then a fact finder could also find that the BIOEARS earplugs are represented to have characteristics, uses and/or benefits they do not have in violation of M.C.L. 445.903 (c) or (s).

3

While defense counsel made strong and thoughtful arguments that ultimately may prevail in this case, it is inappropriate to convert a motion to amend into a motion for summary judgment. It also may be that this dispute may not be able to be resolved as a matter of law, and will require factual determinations on whether and what misleads those in the marketplace and whether any representation caused actual damage to Plaintiff. Accordingly, Plaintiff is granted leave to file its amended complaint, which is attached to its motion as Exhibit 1 (Dkt. #17, Ex. 1). Defendant shall have twenty days to file its Answer and any Affirmative Defenses.

Following the filing of Defendant's responsive pleading, the parties shall meet and confer regarding discovery requests in light of the discussions held at the November 19, 2008, hearing. Both parties expressed a desire to explore an expedited consensual resolution of this matter and will try to limit discovery requests to further that goal. A follow-up telephonic status conference will be held Monday, January 5, 2008, at 10:00 a.m.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: November 20, 2008                            s/Steven D. Pepe
Ann Arbor, Michigan                               United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 20, 2008.

                                        s/V. Sims
                                        Case Manager