UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

McKEON PRODUCTS,
INC., a Michigan corporation,

        Plaintiff,

                              Case No. 08-13266

vs.                             DISTRICT JUDGE JOHN FEIKENS
                                 MAGISTRATE JUDGE STEVEN D. PEPE

CIRRUS HEALTHCARE PRODUCTS,
LLC, a Delaware limited liability corporation,

        Defendant.

===========================/

**REPORT AND RECOMMENDATION GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND STRIKE AFFIRMATIVE DEFENSES (DKT. #45)**
**AND**
**REPORT AND RECOMMENDATION GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER (DKT. #48)**

        On December 23, 2008, Plaintiff moved pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(f) to dismiss Defendant's Counterclaim and strike Defendant's Affirmative Defenses (Dkt. #45). Plaintiff also moved on January 12, 2009, to strike portions of Defendant's Answer to Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(f) for failure to comply with Fed. R. Civ. P. 8 and 11 (Dkt. #48). All pre-trial matters were referred pursuant to the authority conferred under 28 U.S.C. § 636(b) (Dkt. #33). A Friday, February 6, 2009, hearing was held on Defendant's motions at which time all unresolved issued were heard. For the reasons stated on the record and indicated below, it is **RECOMMENDED** that Defendant's motions be **GRANTED IN PART**.

I.  **Plaintiff's Motion to Dismiss Defendant's Counterclaim and Strike Defendant's Affirmative Defenses (Dkt. #45)**

    A.  **Affirmative Defenses**

At the February 6, 2009, hearing on this matter it was determined that:

1. Defendant's Affirmative Defenses #1, #9, #13 and #14 are sufficiently pled.

2. Defendant's Affirmative Defenses #2, #3, #4, #5, #6, #7, #8, #11 and #12 should be re-pled to articulate more clearly a legal claim and the facts that support that claim.

3. Defendant's Affirmative Defense #10 is a legal question and not an appropriate Affirmative Defense. Accordingly, it should be withdrawn by Defendant or stricken as unnecessary.

Affirmative Defense #9 states that this Court "lacks subject matter jurisdiction because the copyright infringement claim is based on pre-existing, unregistered material that has been expressly disclaimed in asserted Copyright Reg. No. Tx. 6-851-060.  17 U.S.C. § 411(a)."  As noted above, the Court finds that Defendant has adequately pled Affirmative Defense #9, so that Plaintiff can address the issue as a matter of law.  The Court, however, notes the following in response to questions regarding the applicable case law that was discussed at the February 6, 2009, hearing.

Here, Plaintiff has sued Defendant for copying its copyrighted packaging, including Plaintiff's copyrighted text and illustrations.  As stated in Plaintiff's Complaint, Plaintiff has developed original, unique and distinctive packaging, including instructions and illustrations in connection with its Mack's® PillowSoft® earplugs (Dkt. #43, Amended Complaint, ¶ 9).  In 2006 Plaintiff produced a version of its instructions and illustrations for its packaging (Amended Complaint, ¶ 10).  Plaintiff contends that the material used in its packaging is wholly original and constitutes copyrightable subject matter (Amended Complaint, ¶ 11).

In *Kohus v. Mariol*, 328 F.3d 848 (6th Cir. 2003), the Sixth Circuit adopted a two-part test for substantial similarity. The first step of the test is to "filter out the unoriginal, unprotectable elements – elements that were not *independently created* by the inventor, and that possessed no minimal degree of creativity . . ." *Id*. at 855. (citations omitted) (emphasis added). For purposes of copyright law, "original" does not mean novel or never used before. Rather, as the Supreme Court has found:

> Original, as the term is used in copyright, means only that the work was *independently created by the author* (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. 1 M. Nimmer and D. Nimmer, Copyright §§ 2.01[A], [B] (1990) (hereinafter "Nimmer"). To be sure, the requisite level of creativity is extremely low, even a slight amount will suffice.

*Feist Publications, Inc. v. Rural Telephone Service Co., Inc*., 499 U.S. 340, 345 (1991) (emphasis added).

Here, Plaintiff contends that all of its instructions and illustrations were independently created by Plaintiff and are thus original. Although the bulk of this material was not registered with the Copyright Office, it is a fundamental principle of copyright law that copyrights exist wholly independent of any registration of the copyrighted work. Indeed, 17 U.S.C. § 408(a), entitled "[r]egistration permissive," expressively provides that "[s]uch registration is not a condition of copyright protection." 17 U.S.C. § 408(a). Copyright protection subsists once original works of authorship are "fixed in any tangible medium of expression . . ." 17 U.S.C. § 102(a). Thus, any time Plaintiff fixed its original (in the copyright context) illustrations and instructions in a tangible medium of expression, it became the owner of the copyright.

As an owner of such copyrighted works, Plaintiff avers it had and has the exclusive right to prepare derivative works based upon the copyrighted work. 17 U.S.C. § 106. Plaintiff states that it exercised that exclusive right when it created, edited and revised its illustrations and instructions. Each time Plaintiff revised its instructions and illustrations, it obtained a copyright

in the new material it added because, under section 103(b), a copyright in a derivative work extends to the material contributed by the author of the derivative work. While it is true that the copyright in this additional material "does not *imply* any exclusive right in the preexisting material" (emphasis added), Section 103 (b) makes it clear that Plaintiff, in exercising its exclusive right to create derivative works, did nothing to diminish its rights in the earlier versions:

> The copyright in such work is independent of, *and does not affect* or enlarge *the scope*, duration, *ownership, or subsistence of, any copyright protection in the preexisting material* (emphasis added).

Thus, as owner of all the old copyrighted material and the new copyrighted material in the instructions and illustrations at issue in this case, Plaintiff is owner of all of the copyrighted material with respect to its packaging.[1]

Moreover, courts addressing the scope of copyright when the same creator owns both the original and derivative work, have uniformly held that "the derivative work carries forward all pre-existing copyrights in the original work." *Richmond Homes Management, Inc. v. Raintree, Inc.*, 862 F.Supp. 1517, 1525 (W.D. Va.); *O.T. Pickell Builders, Inc. v. Witowski* (1998 WL 664949 (N. D. Ill. 1998). Indeed, as the *Richmond* court recognized:

> Under a contrary principle, the owner of a compilation or derivative work would have to allege and prove multiple copyright violations, depending upon the exact number of prior copyrights incorporated into a subsequent work. *See id.* Modifications of pre-existing works by their owners could be discouraged by the prospect of losing copyright protection. As the owner of original copyrights creates derivative works, the opportunity to prove access to the original material may diminish as this material drops out of circulation and become subsumed into the owner's derivative works. If the derivative work fails to protect the original material upon which it is based, an infringer could escape liability by proving a lack of access

---

[1] Because a derivative work does not extend the term of the copyright in the preexisting material, ownership in the underlying work could be an issue if the copyright in the underlying work had expired. Here, that is not an issue because the earliest preexisting work here is from the 1980s.

> to the original material. This result would contravene the purposes of 17 U.S.C. § 106(2), which encourages the creation of derivative works by the owners of the original material by granting the owners of original works the exclusive right to create derivatives therefrom.

*Id.* at 1525-26. *See also, Christopher Phelps & Associates v. Galloway*, 492 F.3d 532, 538 (4th Cir. 2007) (when same author of the derivative work and original work, "no need to protect the public domain or the author of the underlying work, as the entire work is that of the single author").

Registering only the derivative work does nothing to diminish Plaintiff's copyright in the entire work. As discussed above, under Section 408, registration is not a condition of copyright. Thus, registering the derivative work contained in Exhibit A to the Amended Complaint did nothing to diminish Plaintiff's scope, ownership or subsistence in the preexisting works. Registration is merely a jurisdictional prerequisite to filing a copyright infringement action. 17 U.S.C. § 411. *See also, Christopher Phelps¸* 492 F. 3d at 538 (fundamental precept of copyright law that "copyright is independent of its registration").

As recognized by the leading commentator on copyright law, and several courts, where a copyright holder owns the copyright in the preexisting and derivative work, because the copyright holder owns all of the constituent elements of the derivative work, it need only register the derivative work to maintain an infringement action on all of the material in that work. 2 M. Nimmer and D. Nimmer, Copyright § 7.16[B][2][c] (2008). *See also, e.g, Christopher Phelps & Associates*, 492 F.3d at 539; *Streetwise Maps, Inc. v. VanDam, Inc*., 159 F.3d 739, 746-47 (2nd Cir. 1998) (because plaintiff owned copyright in both maps, ". . . registration certificate relating to the derivative work ... will suffice to permit it to maintain an action for infringement based on defendants' infringement of the pre-existing work."); *In re Independent Services Organizations Antitrust Litigation*, 964 F.Supp. 1469, 1473 (D.Kan. 1997)("[A]n owner of a registered

copyright in a derivative work does not have to register separately the preexisting work before bringing an infringement action based on the derivative work."); *Religious Technology Center v. Netcom On-Line Communication Services, Inc*., 923 F.Supp. 1231, 1241 (N.D. Cal. 1995) ("Where, as here, the author of a collection or derivative work is also the author of the preexisting work, registration of the collection is sufficient.").

In *Murray Hill Publications, Inc. v. ABC Communications, Inc*., 264 F.3d 622 (6th Cir. 2001), the Sixth Circuit opined that "[b]ecause a derivative work is cumulative of the earlier work, it is logical that the registration of the derivative work would relate back to include the original work, while registration of the original material would not carry forward to new, derivative material." *Id.* at 632.  Moreover, the court held that "[t]he copyright does not require separate registration of each and every component part of copyrighted work particularly where the author of the derivative work is the uncontested author of each of the component parts." *Id*. at 631, *citing, In re Independent Service Organization Antitrust Litigation*, 964 F. Supp. 1469, 1473 (D. Kan. 1997).  The Sixth Circuit then adopted the rule that "a copyright owner must register its derivative works with the United States Copyright Office as a jurisdictional prerequisite to bringing a copyright infringement suit." *Id* at 632.

It is true that the *Murray Hill* court was addressing the converse situation to the one involved here -- a plaintiff attempting to sue on a derivative work when it only had registered the underlying work.  Importantly, however, the *Murray Hill* court did not hint or suggest that it had any problem with what constitutes the standard rule for suing on derivative works.  Here, Plaintiff registered the derivative work consistent with the law.  It needed to take no further action to proceed with this lawsuit nor did registration of the derivative work diminish the

originality of Plaintiff's prior copyrighted work.[2]  Moreover, on February 11, 2009, Plaintiff did, consistent with *Kohus* and the elementary copyright principles discussed above, identify the original material it claims is infringed by Defendant (*See*, Dkt. #60).

### B. Defendant's Counterclaim

Fed. R. Civ. P 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007), *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

A counterclaim for a declaratory judgment that arises out of a transaction or occurrence other than the one that forms the basis of plaintiff's claim for relief, or presents issues totally unrelated to the main claim, generally poses no special procedural problems.  Yet, when the request for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim, a party might challenge the counterclaim on the ground that it is redundant and a decision on the merits of plaintiff's claim will render the request for a declaratory judgment moot.  *See, Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3rd Cir. 1975), citing Wright & Miller, *certiorari denied* 425 U.S. 943; *Larson v. General Motors Corp.*, 134 F.2d 450 (2nd Cir. 1943), *certiorari denied* 319 U.S. 762.  This would be true if defendant is adequately protected in terms of the ability to have the issues that

---

[2] Practically speaking, of course, because Plaintiff owns the copyright in the underlying works, it could simply register all of them right now. Such registrations would neither add nor subtract to Plaintiff's substantive rights or change the originality analysis here.  See, e.g. Nimmer, *id.*, §7.16[B][2][a].

are raised by the request for declaratory relief fully adjudicated. Prior to the adoption of the federal rules, a plaintiff could harass a defendant by bringing an action and then dismissing the suit before trial without prejudice, leaving defendant without a determination of the issues. Furthermore, this right to dismiss without prejudice was available in virtually all cases, and was denied only when some readily apparent prejudice would result to defendant. *See, In re Skinner & Eddy Corp.*, 265 U.S. 86 (1924). In this fashion the interposition of a counterclaim for declaratory relief could be used to protect defendant from plaintiff's harassment.

The current federal rules, however, deprive plaintiff of the opportunity to utilize this dismissal tactic. Rule 41(a) specifically provides that plaintiff cannot terminate the action as of right once defendant has filed an answer. As a result, some courts have concluded that Rule 41(a) now contains sufficient protection for defendant against plaintiff's withdrawal and therefore a counterclaim for declaratory judgment involving the same transaction as plaintiff's claim is wholly redundant and does not serve any useful purpose.

Here, Defendant seeks entry of a declaratory judgment on (i.) the marketing communication of Defendant challenged by Plaintiff as "false advertising" under Lanham Act § 43 (a) and the Michigan Consumer Protection Act, and (ii.) whether Plaintiff is equitably estopped from challenging such marketing communications based on its own advertising claims for its products which Defendant contends are more extreme. Because equitable estoppel is not a cause of action under Michigan law, *ConAgra, Inc. v. Farmers State Bank*, 237 Mich. App. 109, 140-141 (1999), and does not apply under the facts asserted here regardless, Defendant cannot pled it as a Counterclaim.[3] This leaves § 7 of Defendant's Counterclaim, which essentially

---

[3] In response to Plaintiff's motion, Defendant contends that although it initially alleged Plaintiff is "equitably estopped" from suing Defendant for false advertising, it now argues that those words did not truly mean equitable estoppel, but rather "quasi estoppel." In the cases cited by Defendant, the courts applied quasi estoppel to stop one party in a contractual or similar

pleads that none of the Defendant's statements are actionable.  Because this is not an independent basis for declaratory judgment, it is **RECOMMENDED** that Defendant's Counterclaim be **DISMISSED** in its entirety.  *See, Orion Pictures Corp. v. Showtime Network*, *Inc*. 4 F.3d 1095, 1100 (2nd Cir. 1993)(where common issues addressed in main claim, court dismisses counterclaim).  Defendant may raise its arguments in a motion for summary judgment or by way of special instructions to the jury if this matter proceeds to trial.

> II.   **Plaintiff's Motion to Strike Portions of Defendant's Answer to Plaintiff's Amended Complaint (Dkt. #48)**

At the February 6, 2009, hearing on this matter, defense counsel agreed to amend his Answer to Plaintiff's Amended Complaint consistent with the discussions held on the record.

> III.   **Recommendation**

For the reasons stated above, **IT IS RECOMMENDED** the both of Plaintiff's motions be **GRANTED IN PART** and that Defendant amend its pleadings as stated in this Report and Recommendation.  The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

---

relationship from changing its position when it previously had taken a contrary position to its benefit and the other parties' detriment.

Here, not only do Plaintiff and Defendant, as direct competitors, not have a prior relationship, Plaintiff has not in the past taken a position (to Defendant's detriment) inconsistent with its current position.

9

*Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.  A party may file a reply brief within 5 days of service of a response.  The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.


Date: February 20, 2009                             s/Steven D. Pepe
Ann Arbor, Michigan                                 United States Magistrate Judge


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 20, 2009.

                                    s/Deadrea Eldridge
                                    Generalist Deputy Clerk