UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MCKEON PRODUCTS, INC.,
a Michigan corporation,

        Plaintiff,

                                            Civil No. 08-13266
                                            Hon. John Feikens
        v.                                  Magistrate Judge Steven D. Pepe

CIRRUS HEALTHCARE PRODUCTS,
LCC, a Delaware limited liability corporation,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

    I have before me Magistrate Judge Pepe's Report and Recommendation ("Report"), recommending that I grant in part Plaintiff's Motion to Dismiss Defendant's Counterclaim and Strike Affirmative Defenses. Cirrus Healthcare Products, LLC ("Cirrus") has filed objections to the Report. For the reasons set forth below, I ADOPT Magistrate Pepe's conclusion and GRANT Plaintiff's Motion to Dismiss Defendant's Counterclaim in its entirety and STRIKE Cirrus's Affirmative Defense #10.

**FACTUAL AND PROCEDURAL BACKGROUND**

    McKeon Products, Inc. ("McKeon") is a corporation based in Warren, Michigan that manufactures and sells soft silicone-based earplugs. Cirrus is a limited liability corporation based in Cold Springs Harbor, New York that manufactures and sells earplugs, and is a direct competitor of McKeon. McKeon has filed claims against Cirrus for copyright infringement and

for false advertising. Cirrus has filed a counterclaim for declaratory judgment.

On December 23, 2008, McKeon filed a Motion to Dismiss Counterclaim and Strike Affirmative Defenses. Magistrate Judge Pepe held a hearing on the Motion and issued a Report and Recommendation. Magistrate Judge Pepe recommended:

(1) that Cirrus's Affirmative Defense #10 should be stricken;

(2) that Cirrus's Counterclaim should be dismissed.

Additionally, Magistrate Judge Pepe conducted a detailed analysis of the copyright law as applied to derivative works. Cirrus has filed objections to Magistrate Judge Pepe's Report.

**ANALYSIS**

**Magistrate Judge Pepe's Recommendation that this Court strike Affirmative Defense #10**

Magistrate Judge Pepe recommended that Cirrus's Affirmative Defense #10 be stricken as it is a legal question and not an appropriate affirmative defense. Neither party has objected to this portion of Magistrate Judge Pepe's Report. Therefore, I ADOPT Magistrate Judge Pepe's recommendation and STRIKE Affirmative Defense #10.

**Magistrate Judge Pepe's Recommendation that this Court dismiss Cirrus's Counterclaim**

Additionally, Magistrate Judge Pepe recommends that Cirrus's counterclaim be dismissed. Magistrate Judge Pepe concluded that Cirrus's counterclaim for declaratory judgment based on equitable estoppel should be dismissed because equitable estoppel is not a cause of action under Michigan law and does not apply to the facts asserted in this case. Magistrate Judge Pepe determined that the remainder of Cirrus's counterclaim amounted to a mere denial of the Plaintiff's allegations and thus does not create an independent basis for

declaratory judgment action.  See Orion Pictures Corp. v. Showtime Network, Inc., 4 F.3d 1095, 1100 (2d. Cir. 1993).  Therefore, Magistrate Judge Pepe recommends that Cirrus's Counterclaim be dismissed in its entirety.  Cirrus objects to Magistrate Judge Pepe's recommendation and argues that (1) a claim need not be a cognizable cause of action to be addressed in declaratory judgment and (2) Magistrate Judge Pepe did not follow the five factor test set out in Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000).

Cirrus's objections are meritless.  Cirrus requests that this Court declare that McKeon is equitably estopped from pursuing a false advertising claim against Cirrus because McKeon has performed more egregious acts of false advertising on its own website.  Magistrate Judge Pepe recommends that this claim be dismissed because equitable estoppel is not cognizable as a cause of action.  Morever, Magistrate Judge Pepe concluded that even if equitable estoppel was a cognizable cause of action, the facts alleged by Cirrus would not support such a claim.  Equitable estoppel arises only where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts; the other party justifiably relies and acts on that belief; and the other party is prejudiced if the first party is allowed to deny the existence of this fact.  ConAgra, Inc. v. Farmers State Bank, 237 Mich. App. 109, 140-141 (1999).  Cirrus has not provided facts that would entitle it to relief even if equitable estoppel were cognizable as a cause of action.

Finally, Cirrus claims that its Counterclaim should not be dismissed because Magistrate Judge Pepe failed to follow the five factor test set out in Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000).  However, the five factor test is used to determine whether a Court should exercise jurisdiction over a claim for declaratory judgment or abstain.  Magistrate Judge

Pepe's Report does not address whether this Court should exercise jurisdiction over the claim; rather the Report analyzes the merits of the claim. Therefore, I OVERRULE Cirrus's objections and DISMISS Cirrus's counterclaim.

In addition to addressing McKeon's Motion to Dismiss Counterclaim and Strike Affirmative Defenses, Magistrate Judge Pepe's Report provides a thorough analysis of copyright law as it applies to derivative works. Numerous objections have been filed to Magistrate Judge Pepe's conclusions in this section. This analysis falls outside of the issue that was presented to this Court in the Motion to Dismiss Counterclaim and Strike Affirmative Defenses. Additionally, Defendant has filed a Motion for Summary Judgment which will require further analysis of copyright law as it applies to derivative works. Therefore, at this time, I do not adopt Magistrate Judge Pepe's analysis of case law extraneous to the current motion because I find that summary judgment is a more appropriate place for these issues to be addressed.

**IT IS SO ORDERED.**

Date:      April 30, 2009             s/ John Feikens
                                      United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on April 30, 2009, by U.S. first class mail or electronic means.
>
> s/Carol Cohron
> Case Manager